# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ALISON LEVON BOYD, | ) |
|     Plaintiff, pro se, | ) ) ) **MEMORANDUM OPINION** |
| v. | ) **ORDER, AND** ) **RECOMMENDATION** |
| ANNA MILLS WAGONER, et al., | ) ) 1:09CV930 |
|     Defendant(s). | ) |

Plaintiff, Alison Levon Boyd, has submitted a pro se complaint under 42 U.S.C. § 1983 and the United States Constitution. Plaintiff is currently a defendant in a criminal case before this court [1:08CR493-1]. He has pled guilty to possession of a firearm by a convicted felon and is scheduled to be sentenced on January 7, 2010. In an apparent effort to disrupt or delay those proceedings, Plaintiff has filed the current complaint against United States Attorney for the Middle District of North Carolina Anna Mills Wagoner, Greensboro police officers Ryan Coggins and Christopher Cottonaro, Assistant United States Attorney Lisa Boggs, United States District Judge Thomas D. Schroeder, Attorney General of the United States Eric Holder, Plaintiff's former defense attorney Assistant Federal Public Defender William S. Trivette, Greensboro Police Chief Tim R. Bellamy, Chief United States District Judge James Beaty, United States District Judge N. Carlton Tilley, Jr., United States District Judge William L. Osteen, Jr., United States Magistrate Judge P.

Trevor Sharp, and retired United States Magistrate Judge Russell A. Eliason.[1] Plaintiff claims that Defendant Boggs, Defendant Trivette, and the Greensboro police officers conspired against him to tamper with witnesses, suborn perjury, obstruct justice, and prosecute him. He seeks to hold defendants Holder, Wagoner, and Bellomy responsible for the actions of those defendants. Plaintiff also claims without further explanation that all of the judges listed in the complaint are "in violation of the Racketeering Influenced Corrupt Organization Act" (RICO). Against Judge Schroeder, who has been handling his criminal case, he makes the additional allegation that he has failed to stop the improper conduct by the other defendants and has aided and abetted in the malicious prosecution of Plaintiff and engaged in unidentified *ex parte* communications.

Because Plaintiff is a prisoner seeking relief from governmental officers the court must examine the complaint to see whether it fails to state a claim upon which relief may be granted, seeks monetary relief from a defendant who is immune from such relief, or is frivolous or malicious. 28 U.S.C. § 1915A. For frivolous or malicious review, the court looks to see whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319 (1989). A plaintiff fails to state a claim when it appears certain that the plaintiff cannot prove any set of facts which would entitle him or her to relief. The court must accept all

---

[1] Plaintiff has used the misspelling "Ellison."

well-pled allegations and review the complaint in a light most favorable to Plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Facts must be alleged with specificity. *White v. White*, 886 F.2d 721 (4th Cir. 1989). The court may anticipate affirmative defenses which are clear on the face of the complaint. *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995) (en banc) (court may apply common sense and reject fantastic allegations and/or rebut them with judicially noticed facts).

As an initial matter, it appears that Plaintiff is attempting to undermine his conviction for possession of a firearm by a convicted felon. Although Plaintiff has not yet been sentenced in the criminal case in this court, he has pled guilty. Some courts have noted that a guilty plea, while not a judgment of conviction, is a conviction in and of itself so long as it stands. *See Riadon v. United States*, 274 F.2d 304 (6th Cir. 1960); *Friedman v. United States*, 200 F.2d 690 (8th Cir. 1953). To the extent that Plaintiff's guilty plea qualifies as a conviction and to the extent that Plaintiff is seeking to attack the conviction, he would not be permitted to do this without first showing that such conviction has been reversed on direct appeal, expunged by Executive Order, or called into question by a federal court through the issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff fails to do so, and, therefore, dismissal is proper for this reason alone to the extent that Plaintiff challenges his conviction.

Analyzing the remaining portions of Plaintiff's claims, Plaintiff has named a number of federal officials. Suits against federal officials may not be brought via Section 1983. *District of Columbia v. Carter*, 409 U.S. 418 (1973). Plaintiff, of course, may proceed pursuant to 28 U.S.C. § 1331 by alleging that federal officers violated his constitutional rights. *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). However, such actions are almost always subject to the same principles which govern actions brought pursuant to 42 U.S.C. § 1983. *See Carlson v. Green*, 446 U.S. 14 (1980). Thus, principles of immunity applicable to Section 1983 also apply to *Bivens* actions. *Ehrlich v. Giuliani*, 910 F.2d 1220 (4th Cir. 1990); *Lyles v. Sparks*, 79 F.3d 372, 376 n.4 (4th Cir. 1996) (prosecutor). Plaintiff's complaint must therefore be scrutinized to determine if it is subject to the defense of absolute immunity (even assuming he could sue a federal official).

Plaintiff names a number of federal judges as defendants. Judges have absolute immunity for their judicial actions. *Stump v. Sparkman*, 435 U.S. 349 (1978). Therefore, his claims against the judges fail. He also names three prosecutors and his former public defender. Prosecutors have absolute immunity for their participation in the judicial process. *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *see Lyles v. Sparks*, 79 F.3d 372 (4th Cir. 1996) (prosecutor's decision of whether and when to prosecute is protected by absolute immunity). Public defenders share immunity for their part in the judicial process as well. *See Sullivan v. United States*, 21 F.3d 198, 203 (7th Cir. 1994) (a plaintiff may not directly sue the

public defender--his sole remedy is a Federal Tort Claims Act action against the United States). Plaintiff's complaint against all of the federal defendants should therefore be dismissed.[2]

The only remaining defendants are the Greensboro police officers and chief. Plaintiff's claims against them fail because they are devoid of any factual basis. They consist entirely of legal conclusions that are made without any explanation of supporting facts. This is actually true of the claims raised as to all of the defendants in the case. The entire complaint should be dismissed for this additional reason.

Finally, Plaintiff does request injunctive relief, relief which may not be barred by immunity, but he has not requested a proper injunction. Plaintiff has asked for a declaration that Defendants generally have committed "predicate acts" under RICO and an injunction preventing them from committing such acts. Again, any meaningful allegations of predicate acts are absent from the complaint. It is composed entirely of legal conclusions with no factual support. To any extent that it would survive the various types of immunity that apply to the case, Plaintiff's request for injunctive relief should also be dismissed.

---

[2]While the United States could be substituted as a party respondent for two public defenders, Plaintiff has neither shown, nor alleged, that he has exhausted his administrative remedies. *Sullivan v. United States*, 21 F.3d 198, 203 (7th Cir. 1994). Consequently, even if the United States were substituted, this complaint would be subject to dismissal for lack of subject matter jurisdiction.

Plaintiff is therefore not entitled to further proceed as a pauper.[3] Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915A for being frivolous or malicious or for failing to state a claim upon which relief may be granted, as well as for seeking monetary relief against a defendant who is immune from such relief.

_____
WALLACE W. DIXON
United States Magistrate Judge

December 11, 2009

---

[3] Plaintiff has not requested *in forma pauperis* status. However, he has also not paid the $350.00 filing fee. Therefore, a grant of such status is necessary in order for this Order and Recommendation to be entered.